*Zheng v. Holder*

BIA
A077 618 736

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER** FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JIAN XIM ZHENG, AKA JIAN XIN ZHENG,
AKA JIAN XING ZHENG,
> *Petitioner*,

v.                                              14-1044
                                                NAC
ERIC H. HOLDER, JR., UNITED
STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Gary J. Yerman, New York, New York.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant
                             Attorney General; Linda S.
                             Wernery, Assistant Director;

Theodore C. Hirt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Xim Zheng, a native and citizen of China, seeks review of a March 13, 2014, decision of the BIA denying his second motion to reopen as untimely and number barred. *In re Jian Xim Zheng,* No. A077 618 736 (B.I.A. Mar. 13, 2014). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen based on a change in those conditions, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA's denial of Zheng's motion to reopen as untimely and number-barred was not an abuse of discretion. Zheng's January 2014 motion was untimely, as he filed it over twelve years after the final administrative order in May 2001, and number-barred, as it was his second motion to reopen. 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time and number limitations may be excused if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Zheng failed to establish worsened conditions for underground church members in China since the time of his hearing, *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (explaining that to determine whether conditions have materially changed, agency compares evidence submitted with the motion with conditions that existed at the time of the merits hearing).

The record evidence does not support Zheng's assertion that conditions have worsened since his hearing in 2001. Reports that predate Zheng's hearing and recent reports both show that the Chinese government represses members of underground churches through harassment, detention, and arrests. Given that the country conditions evidence showed only a continuation of this suppression of underground church members, the BIA reasonably found that Zheng had failed to demonstrate a material change in conditions in China. *See Jian Hui Shao*, 546 F.3d at 169; *Matter of S-Y-G-*, 24 I. & N. Dec. at 253. Nothing in the record indicates that the BIA did not consider the record as a whole; rather, it explicitly listed and cited to Zheng's evidence, but reasonably concluded, for the reasons stated, that the evidence did not demonstrate any material change in conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159-60 n.13 (2d Cir. 2006) (explaining presumption that agency considers all evidence "unless the record compellingly suggests otherwise").

Because Zheng failed to demonstrate a material change in conditions in China, the BIA did not abuse its discretion

4

in denying his motion to reopen as untimely and number-barred.  *See* 8 U.S.C. §§ 1229a(c)(7)(A), (C).  Because that ruling is dispositive, we do not reach the BIA's alternative bases for its denial of reopening.  *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5